# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY GOODE, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.  AW-08-02965 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion in Limine (Doc. No. 22) to exclude the statements of the only identified witness to an automobile accident that gives rise to Plaintiffs' negligence suit under the Federal Tort Claims Act. The Court conducted a pretrial conference on July 26, 2010, and heard arguments from both sides on Defendant's motion. At the request of Defendant, the Court permitted Defendant to provide supplemental authority in support of its position that the deceased witness' statements are not admissible under the residual exception to the hearsay rules of the Federal Rules of Evidence, and the Court allowed Plaintiffs to respond to Defendant's Supplemental Memorandum. The Court holds that the statement the deceased witness gave to the officer who responded to the accident scene is admissible and finds that the witness' statement to the private investigator retained by Plaintiffs' counsel is inadmissible. Accordingly, for the reasons articulated below, the Court GRANTS IN PART AND DENIES IN PART, Defendant's Motion in Limine.

## FACTS

Plaintiffs, Mary Goode and her husband Oscar Goode, bring this personal injury case, pursuant to the Federal Tort Claims Act, arising from an automobile accident between Mary Goode and Lieutenant Commander Vernon Richmond ("Lieutenant Commander Richmond"), who was acting within the scope of his employment as active duty Navy Officer at the time of

the accident. Plaintiff Oscar Goode was not involved in the accident. The accident occurred on September 22, 2006. Plaintiff alleges that she was traveling south on Frederick Road in Rockville, Maryland, and was attempting to make a left turn at the intersection to proceed eastbound onto Indianola Drive. Plaintiff also claims that Lieutenant Commander Richmond was traveling north on Frederick Road and was continuing to travel north on this road. Plaintiff contends that she stopped in the middle of the intersection to wait for the northbound traffic to clear so that she could complete a left turn. She alleges that as she attempted to complete her left turn, Lieutenant Commander Richmond proceeded through the intersection after the light turned red. Plaintiff's car collided into the front driver's side of Lieutenant Commander Richmond's car. Plaintiff concedes that she did not see the color of the traffic signal at the time of the collision. Lieutenant Commander Richmond alleges that the light was yellow when he proceeded into the intersection. Both vehicles were towed from the accident scene allegedly because of extensive property damage. The parties dispute the extent to which the accident caused Plaintiff Mary Goode's physical injuries, largely because she has been in prior automobile accidents.

The only identified witness to this accident, Gay Jackson ("Jackson"), made a statement to the responding officer, Corporal Terance Thomas, about the accident. In the Motor Vehicle Accident Report, dated the same day as the accident, Corporal Thomas recorded the witness as stating that Lieutenant Commander Richmond continued through the intersection after the light changed to red and struck Plaintiff's car while she was making a left turn. Approximately three months later, on December 19, 2006, Jackson provided a handwritten statement about her observations of the accident to a private investigator retained by Plaintiff's counsel. Jackson died in August 2008, before either party took her deposition and before Defendant could

question her. At issue in the Defendant's Motion in Limine is the admissibility of these two statements in the bench trial.

## ANALYSIS

Neither party has disputed that the witness' statements are hearsay, as they are out-of-court statements Plaintiffs intend to offer to "prove the truth of the matters asserted." Fed. R. Evid. 801. Hearsay is generally prohibited from being admitted at trial, unless it qualifies as under a hearsay exception. *Id.* at 802. In its Motion in Limine, Defendant seeks to have the Court rule that the statements of Jackson are inadmissible hearsay not subject to any exception.[1] Plaintiffs argue that the statements should be admitted under Federal Rule of Evidence 807, referred to as the residual exception to the hearsay rules (hereinafter "residual exception"), and have not argued that the Court should admit the statements under any other hearsay exception. The residual exception provides that a statement is admissible if: (1) it has "'circumstantial guarantees of trustworthiness" equivalent to the other hearsay exceptions enumerated in Rules 803 and 804; (2) "the statement is offered as evidence of a material fact"; (3) "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts"; (4) "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence"; and (5) the party seeking to admit the evidence has provided the opposing party with sufficient notice in advance of trial of the intention to offer the statement at trial. Fed. R. Evid. 807. Plaintiffs, as the proponents for the admission of the statements, must prove by a preponderance of the evidence

---

[1] Defendant originally argued that the statement to the responding officer was not admissible under Federal Rules of Evidence 803(6), the business records exception, and Rule 803(8), the public records exception because the statement was not made by a person with a duty to report accurately or truthfully. Plaintiffs do not address these two hearsay exceptions in their briefings. In any event, this Court has already found that witness' statements in police reports are not admissible under the business records and public records hearsay exceptions, unless independent grounds exist for the admissibility of the witness' statements. *Ramrattan v. Burger King Corp.*, 565 F. Supp. 522 (D. Md. 1987) (holding that a witness to an automobile accident was not acting with a business duty when making a statement to the responding officer, which the officer subsequently recorded in the accident report; thus, the statement was inadmissible under the business records and public records hearsay exceptions).

that the statements qualify under a hearsay exception. *U.S. v. Alexander*, 331 F.3d 116, 122 (D.C. Cir. 2003).

There does not appear to be any disagreement that the deceased witness' statements relate to a material fact in the case, namely the color of the traffic signal at the time of the accident, or that Plaintiffs have provided Defendant with sufficient notice of their intention to offer the statement at trial. Furthermore, as Plaintiffs argue, and Defendant has not disputed, Jackson's statements are more probative than any other evidence that Plaintiffs can offer on this issue because she is the only identified witness to the accident, and the parties intend to provide conflicting testimony on the color of the traffic signal when Lieutenant Commander Richmond entered the intersection. In addition, the Court is convinced that admission of Jackson's statement, as the only identified witness, serves the interest of justice because the Court is concerned with resolving cases based on the merits and does not believe that Plaintiffs' case should be hindered simply because of the unanticipated death of a critical witness. The Court recognizes that without the witness' statements, Plaintiffs will likely face a significant hurdle in proving their case of negligence against the Defendant. Nonetheless, the Court is also aware of the unfairness of admitting statements of an individual whom Defendant has not had the opportunity to question. Thus, the Court is only willing to admit statements, which the Court is convinced possess the circumstantial guarantees of trustworthiness, as required under the residual exception. However, the parties debate whether the statements satisfy this requirement of Rule 807 of the Federal Rules of Evidence.

The Fourth Circuit has instructed that in considering whether the statements satisfy the residual exception to the hearsay rules, litigants and courts should focus on "whether the statement has 'equivalent circumstantial guarantees of trustworthiness'" and not on how close

4

the statements come to falling under another hearsay exception. *United States v. Clarke*, 2 F.3d 81, 84 (4th Cir. 1993) (rejecting the "near miss" theory in analyzing the residual exception). As the parties point out, there appears to be no written opinion in this jurisdiction on the admissibility of hearsay under the residual exception in a case similar to the one currently before the Court. However, cases addressing the admissibility of hearsay under the residual exception, but involving different factual contexts, provide some general principles on the application of the residual exception for the Court to consider.

First, the residual exception should be permitted "only in exceptional circumstances." *Wooldridge v. World Championship Sports Network, Inc.*, No. DKC 2007-3482 U.S. Dist. LEXIS 85057, at *13 (D. Md. Sept. 17, 2009). In determining whether a case involves exceptional circumstances sufficient to involve the residual exception, courts have generally held that the exception only applies when a statement meets all five requirements of Rule 807. *See United States v. W.B.*, 452 F.3d 1002, 1006 (8th Cir. 2006) ("Whether such out-of-court statements are the most probative evidence and are necessary to properly develop an issue, however, requires careful scrutiny, because hearsay testimony should only be admitted under Rule 807 in exceptional circumstances."); *United States v. Wright*, 363 F.3d 237, 245 (3d Cir. 2004) ("Rule 807 is "to be used only rarely, and in exceptional circumstances" and "appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."); *and Earhart v. Countrywide Bank, FSB*, No. 3:08-cv-238-RJC, WL 2998055, at *3 (W.D.N.C. 2009) (finding hearsay statements inadmissible under the residual exceptional where the plaintiff failed to show how the statements were more probative than other witnesses, lacked the circumstantial guarantees of trustworthiness because the statements were made by unidentified declarants, and because plaintiff failed to provide the

defendant with sufficient notice of his intent to use the hearsay statement). The death of a witness does not alone qualify as an exceptional circumstance to admit the witness' statements under the residual exception. *Phillips v. Irvin*, No. 05-0131-WS-M, 2007 WL 2156412 (S. D. Ala. 2007).

Also, the Fourth Circuit has instructed courts to look at the totality of the circumstances surrounding the making of a statement in deciding whether the statement has sufficient guarantees of trustworthiness and that courts should not consider corroborating evidence when making this determination, at least in cases involving an analysis of the Confrontation Clause of the Sixth Amendment. *United States v. Betemit*, No. 96-4755, 1997 U.S. App. LEXIS 31844, at *7 (4th Cir. Nov. 12, 1997); *see also United States v. Shaw*, 69 F.3d 1249, 1253 n.5 (4th Cir. 1995) ("Trustworthiness must emanate from the circumstances of a hearsay statement, not from its consistency with other evidence offered in the case."); *Clarke*, 2 F.3d at 84 n.1 ("To the extent that those cases rely upon the presence of other corroborating evidence to support the admissibility of grand jury testimony, they run afoul of the Confrontation Clause analysis of *Idaho v. Wright*, 497 U.S. 805 (1990)."). However, evidence of corroborating facts may be utilized in determining whether the district court's decision on the admissibility of the hearsay statements constitutes harmless error. *See United States v. Spurlock*, No. 96-4739, 1997 WL 545660, at *3 (4th Cir. Sept. 5, 1997); *see also Holden v. Hughes*, No. 1:97CV185-P, 1998 WL 1818616, at *10 (W.D.N.C. Jan. 22, 1998) ("The existence of corroborating evidence, although relevant to a determination of harmless error, is irrelevant to showing that the statement is trustworthy." (citing *Wright*, 497 U.S. at 822-23)). Final, the Fourth Circuit has recognized that *U.S. v. Burbank*, No. 88-5634, 1990 WL 86147, at *2 (4th Cir. June 12, 1990) (quotations omitted).

As Defendant observes, the Fourth Circuit has clearly recognized a few circumstances in which a declarant's statements generally demonstrate the requisite circumstantial guarantees of trustworthiness equivalent to the other hearsay exceptions, namely, statements made under oath, grand jury testimony, and plea agreements. *See United States v. McDuffie*, 24 Fed. App'x 167, 172 (4th Cir. 2001) (citations omitted); *Shaw*, 69 F.3d at 1253-54. Likewise, the Fourth Circuit has permitted statements of children who are alleged victims of abuse in situations other than the three examples discussed above when there are facts which the court can consider in testing the reliability of the statements. *See United States v. Geraci*, 74 Fed. App'x 241, 244 (4th Cir. 2003) (affirming the district court's admission of a hearsay statement that a child sex abuse victim made to an adult who provided care to the child under the residual exception, where the statement was made spontaneously while the person was getting the child ready for bed, even though the child was available to testify); *United States v. Dunford*, 148 F.3d 385, 392-94 (4th Cir. 1998) (finding that a criminal defendant's teenage daughters' hearsay statements were admissible under the residual exception where the daughters made consistent statements to different persons, including governmental officials during the arrest of their father, about their father's violent history, and where physical evidence corroborated a statement that the defendant had hit one of the daughters). Defendant also argues that courts have admitted hearsay statements under the residual exception when another hearsay exception applied. *United States v. Workman*, 860 F.2d 140, 144 (4th Cir. 1988) (holding that a deceased declarant's statement to an FBI agent in a tape recorded interview was admissible under the residual exception especially where it also satisfied the requirements of the "statement against interest" exception to the hearsay rules pursuant to Rule 804(b)(3) of the Federal Rules of Evidence). Defendant urges the

7

Court to find that these limited examples are the only situations in which there are sufficient circumstantial guarantees of trustworthiness to admit the statements under the residual exception.

Plaintiffs argue that other factors should weigh in the Court's consideration of whether the circumstances involved in this case demonstrate equivalent circumstantial guarantees of trustworthiness and cite cases from courts in other jurisdictions, which provide several factors bearing on this determination. For example, the Third Circuit has articulated the following twelve factors:

> (1) whether the statement was made under oath; (2) whether the statement was voluntarily made; (3) whether the statement was based on personal knowledge; (4) whether the declarant made a prior inconsistent statement; (5) whether the statement was videotaped; (6) whether the declarant was subject to cross examination; (7) the proximity of time between the events described and the statement; (8) whether the statement is corroborated; (9) the declarant's motivation to fabricate; (10) whether the statement is prepared in anticipation of litigation; (11) the spontaneity of the statement; and (12) whether the declarant's memory was faulty.

*Aamco Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008).[2] In addition to many of these factors, the United States District Court for the District of Columbia explained that whether "the statement was rich in detail" and whether "the written statement [was] edited and corrected by the [declarant]," are relevant to the trustworthiness determination. *Shields v. Eli Lilly & Co.*, No. 87-2166(RCL), 1991 WL 134614, *2 (D.D.C. 1991). Furthermore, Plaintiffs assert that the facts in this case are similar to *Turbyfill v. International Harvestor Co.*, in which the court ruled that a deceased witness' statement about an accident that he observed, which he handwrote the afternoon of the incident while alone in a room "without prompting or pressure by his superiors," was admissible under the residual exception, especially because such

---

[2] The Court recognizes that corroborating evidence is generally irrelevant under Fourth Circuit precedent.

circumstances "was consistent with the policy underlying Rule 803(5)," which is the exception for recollection recorded. 486 F. Supp. 232, 234 (E.D. Mich. 1980).

Lastly, Plaintiffs argue that the Second Circuit's decision in *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 232-33 (2d Cir. 1999), on this issue is instructive. In *Schering Corp.*, the court explained that the purpose of the hearsay rules, namely to guard against the classic risks of hearsay—insincerity, faulty perception, faulty memory, and faulty narration—should guide courts in deciding "the criterion of trustworthiness," although "a hearsay statement need not be free from all four categories of risk to be admitted under Rule 807." *Id.* at 232-33. Furthermore, the court in *Schering Corp.* demonstrated how each of the "firmly rooted" hearsay exceptions involve circumstances in which these classic dangers of hearsay are believed to be minimized, and thus the "traditional exceptions to the hearsay rule . . . provide the benchmark against which the trustworthiness of evidence must be compared in a residual hearsay analysis" as the language of Rule 807 requires. *Id.* at 233. For instance, the Rule 803(1) exception for present sense impression is believed to decrease the potential of faulty memory because the statements are made contemporaneously with or immediately after perceiving the incident while the incident is fresh in the declarant's mind, and because the declarant is speaking from knowledge of his or her "direct sensory perception." *Id.*

The Court agrees with Plaintiff that although case law in this jurisdiction has not explicitly listed the factors that a court may consider in determining the trustworthiness of a hearsay statement under the residual exception, there are no cases indicating that the Fourth Circuit intends to only apply the exception in the limited circumstances that Defendant has argued. In fact, the Fourth Circuit has rejected a narrow view of the residual exception. *Clarke*, 2 F.3d at 83 (refusing to accept appellant's argument that the court should interpret the term

"specifically covered" under the residual exception rule narrowly and holding that "the rule rejects formal categories in favor of a functional inquiry into trustworthiness, thus permitting the admission of statements that fail the strict requirements of the prior exceptions, but are nonetheless shown to be reliable"). Moreover, the Fourth Circuit explained that although statements made under oath or during grand jury testimony "generally militate strongly in favor of trustworthiness," the court has cautioned that other factual circumstances surrounding the giving of the statements in those contexts may indicate that the statements do not possess such guarantees. *Burbank*, 1990 WL 86147, at *3.

Even in addressing situations in which a declarant has given testimony under oath or during a grand jury proceeding, in ensuring that that the circumstantial guarantees of trustworthiness are satisfied, the Fourth Circuit has relied on many of the factors utilized by other courts addressing this exception. For instance, the Fourth Circuit has considered whether the declarant: had an incentive to lie, had been subject to cross examination, voluntarily gave the statement, made a statement that was contemporaneously transcribed, and had personal knowledge about the incident to which he or she made the statement. *See, e.g., Spurlock*, No. 96-4739, 1997 WL 545660, at *3 (finding no reversible error for district court's admission of declarant's statements made under oath where declarant observed the incident and testified about his personal knowledge of the event); *Clarke*, 2 F.3d at 84-85 (affirming district court's admission of the declarant's statement at a suppression hearing under the residual hearsay exception where the statement was made voluntarily under oath, subject to cross examination, contemporaneously transcribed, and did not indicate an incentive to fabricate because the declarant "knew that his statement could not be used against him"); *Workman*, 860 F.2d at 144 (upholding admission of hearsay statement of declarant who died prior to defendant's criminal

10

trial where the declarant voluntarily made a statement to an FBI agent that was contemporaneously transcribed during a meeting in which the declarant made statements about his and the defendant's involvement with stolen goods, and thus, could have also been admitted under the statement against interest exception). *Cf. West Virginia v. Meadow Gold Dairies, Inc.*, 875 F. Supp. 340, 348-49 (W.D. Va. 1994) (explaining that evidence that declarant made a statement because of self-preservation, a relationship with or animosity towards either of the parties involved in a case in which the statements were to be used, all demonstrate a lack of reliability). Thus, the Court is satisfied that it can look to these additional factors in deciding whether to admit hearsay statements under the residual exception. Furthermore, the Court is convinced that these factors, along with many of the other factors used by other courts, seek to fetter out the classic hearsay dangers and serve as a helpful measure in weighing whether a hearsay statement possesses circumstantial guarantees of trustworthiness.

Plaintiffs seek to admit the hearsay statement of the only identified witness to the officer who responded to the accident scene. The entirety of the witness' statement recorded in the officer's Motor Vehicle Accident Report provides: "According to witness, Veh 1 (Lieutenant Commander Richmond's vehicle) was NB (northbound) on Frederick Rd. The light changed to red and Veh 1 continued [through] the light striking Veh 2 (Plaintff Mary Goode's car) that was making a left turn." (Pls.' Mem. Opp'n, Ex. 2.) The statement was obviously not made under oath, during a plea agreement, or before a grand jury. Furthermore, Jackson's statement to the officer was not contemporaneously transcribed so as to produce an exact replica of her statements, and the statement does not contain many details. Likewise, Jackson's statement to the officer was not subject to cross examination. Plaintiffs argue, however, that Jackson voluntarily gave her statement to the officer and that she is otherwise an independent witness

11

who did not have a personal stake in the outcome of this litigation. Neither party addressed how soon the officer arrived at the accident scene or how quickly he took the statement of the now deceased witness after his arrival. For purposes of resolving Defendant's Motion in Limine, the Court will presume that Jackson was an independent witness without a motive to fabricate her statement to the responding officer and that she provided her statement as to what she personally observed shortly after the accident occurred, which, without contrary evidence, convinces the Court that her statement contained in the Motor Vehicle Report, satisfies the circumstantial guarantees of trustworthiness. Additionally, the Court believes this case presents an exceptional circumstance that is sufficient to admit the statements of the deceased witness to the responding officer because she is the only identified witness of the accident and the statement addresses a material fact in this case, specifically, the color of the traffic signal at the time of the incident, which neither party appears able to offer more probative evidence of other than their conflicting and self-serving testimony. Thus, as the Court indicated during the pretrial conference on this issue, the Court is willing to admit the witness' statement made to the responding officer, subject to the Court being provided some context surrounding the circumstances under which Jackson gave her statement to the responding officer.

The handwritten statement Jackson provided to the Plaintiff's private investigator nearly three months after the accident does not, however, possess equivalent circumstantial guarantees of trustworthiness. First, the fact that this statement was provided nearly three months after the accident raises the possibility that Jackson's memory of the incident was affected by the passage of time. In addition, the statement was given at the request of Plaintiff's private investigator and in preparation for the litigation, which the Court believes at least raises a question as to the extent that the witness's handwritten statement was influenced by others. Furthermore, Defendant has

not had the opportunity to question the witness. The Court believes that these factors weigh heavily against finding that the witness' statement to the private investigator possesses the circumstantial guarantees of trustworthiness for the Court to admit it under the residual exception.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion in Limine (Doc. No. 22). A separate order shall follow this Memorandum Opinion.

<u>August 9, 2010</u>                                                  <u>          /s/          </u>
    Date                                                                        Alexander Williams, Jr.
                                                                               United States District Court Judge